STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.   CV-10-195,
PAF - YOR - 12/14/2011

ALTHEA F. SMITH, Personal Representative
Of the Estate of Patrick P. Smith,

Plaintiff

v.

**ORDER**

CUMBERLAND COUNTY, MARK DION
and ANDREW FEENEY,

Defendants

Althea Smith, as personal representative of the estate of Patrick Smith, has brought a complaint for negligence against Cumberland County, its then sheriff Mark Dion and Deputy Sheriff Andrew Feeney.   The plaintiff has previously dismissed the complaint against Sheriff Dion with prejudice and without costs.

On July 12, 2008 Patrick Smith was allegedly operating his motorcycle in Standish in excess of the speed limit and did not stop when requested to do so.   At the end of a high-speed chase Mr. Smith crashed his motorcycle in Buxton, was severely injured and ultimately died a week later.   The defendants have filed a motion for summary judgment which has been briefed and argued.

The questions in this case are whether there is sufficient evidence of negligence and, if so, whether discretionary immunity provided under the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101 – *et seq.*, exists.   The claims against each of the remaining two defendants should be separately considered.

Pursuant to 14 M.R.S.A. §8111(1)(C), *Selby v. Cumberland County*, 2002 ME 80, 796 A.2d 678 and *Norton v. Hall*, 2003 ME 118, 834 A.2d 928 Deputy Feeney, as an employee of a governmental entity, 14 M.R.S.A. §8102(1), (2) and (3), is "absolutely immune from personal civil liability" for "Performing or failing to perform any discretionary function or duty, whether or not the discretion is abused...." He is not personally liable for pursuing Mr. Smith regardless of whether that decision was wise or in full conformity with the Sheriff's procedures.

The more challenging issue is whether the County is potentially liable. Under the law in effect in 1998, at the time of the incident in the *Norton* case, the County in this case would be immune from liability pursuant to 14 M.R.S.A. §8104-B(3). That statute has, however, been amended by the Legislature, *see* P.L. 2005, c. 448, §1 and 2005 L.D. 936.

The *Norton* case involved a Cumberland County Sheriff's deputy who was driving at a very high speed when responding to a service call, which may not have been as urgent as the deputy apparently thought it to be. The deputy's vehicle collided with the Norton vehicle killing the two Norton sons who were entirely innocent. Under the existing law a majority of the Law Court determined that the County was immune from liability. In L.D. 936 the Legislature acted to remedy the harshness of that decision.

As initially proposed L.D. 936 added the following language to the discretionary immunity provisions for governmental entities at 14 M.R.S.A. §8104-B(3); "except that this subsection does not provide immunity for the negligent operation of a motor vehicle directly involved in a collision." However, the Joint Standing Committee on Judiciary amended the bill in Committee Amendment B to read, "except that if the discretionary function involves the operation of a motor vehicle, as defined in Title 29-

2

A, section 101, subsection 42, this section does not provide immunity for the governmental entity for an employee's negligent operation of the motor vehicle resulting in a collision, regardless of whether the employee has immunity under this chapter." That amendment was adopted and the bill, as amended, was enacted.

The initial proposal before the Legislature would eliminate discretionary function immunity when the police vehicle was directly involved in the collision. This would protect both members of the public and even motorists who were being pursued if there was negligent operation of the police vehicle and the police vehicle hit another vehicle. The law as enacted was broader and eliminates immunity if the deputy sheriff's negligent operation of his motor vehicle resulted in a collision. This could include the situation where a third party swerves to avoid the fast moving police cruiser and hits a tree, another object or another vehicle.

In this case the plaintiff has admitted defendants' statement of material facts 50 that, "Feeney drove around a curve and saw that the motorcycle had crashed." The plaintiff also admitted statement 67 that, "There was no physical evidence that the cruiser made contact with the motorcycle." It appears that Mr. Smith was able to get substantially ahead of Deputy Feeney but crashed his motorcycle. Under these circumstances any negligent operation of Deputy Feeney's vehicle by pursuing a vehicle for a traffic infraction did not result in a collision. It was the actions of Mr. Smith and his decision to flee that produced this tragedy.

The entry is:

Judgment for the defendants on the complaint.

Dated:  December 14, 2011

Paul A. Fritzsche
Justice, Superior Court

3

ATTORNEY FOR PLAINTIFF:
HARRY B. CENTER, II
WOODMAN EDMANDS DANYLIK & AUSTIN
PO BOX 468
BIDDEFORD ME   04005

ATTORNEYS FOR DEFENDANTS:
PETER MARCHESI
CASSANDRA S SHAFFER
WHEELER & AREY PA
PO BOX 376
WATERVILLE ME   04903-0376